**Patrick O'SHAUGHNESSY, Plaintiff-Appellant,**

v.

**Clarence BISSELL, Defendant-Appellee.**

**No. 24831.**

United States Court of Appeals, Ninth Circuit.

Sept. 2, 1970.

Rehearing Denied Sept. 29, 1970.

———◆———

Patrick H. O'Shaughnessy in pro per.

Milton I. Firestone Ass't Atty. Gen., Frank J. Kelley, Atty. Gen., Robt. A. Derengoski, Sol. Gen., Maxine Boord Virtue, Ass't. Atty. Gen., Lansing, Mich., for appellee.

Before DUNIWAY and CARTER, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Appellant commenced the action below in propria persona, grounding jurisdiction on diversity of citizenship. He complained that appellee, an employee of the State of Michigan, while transporting him from a mental hospital of the State of Michigan to a hospital of the State of California handcuffed him at all times, except when he was riding in a plane.

The appellee moved to dismiss on various grounds, and an order was made dis-

* Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

missing the complaint upon the following grounds:

(1) Lack of jurisdiction under the 11th Amendment of the Constitution of the United States because the State of Michigan was a real party in interest in the cause;

(2) Lack of jurisdiction based on the sovereign immunity of the State of Michigan, the real party in interest;

(3) Failure to state a claim upon which relief could be granted.

The State of Michigan, through its Attorney General, appeared to defend the appellee and attached to its answer copies of various documents from the State of Michigan from which a brief history of the case can be ascertained. It appears that petitioner, while serving in the United States Marine Corps, was involved in an automobile accident, as a result of which he had brain surgery, and was medically discharged from the Marine Corps in 1956.

On April 1, 1968, he was committed to a state mental hospital in Michigan. Thereafter, pursuant to negotiations between California and Michigan, arrangements were made to transport him to a mental hospital in California. Appellant was then transported by appellee to California.

At the oral argument petitioner appeared in pro per, conceding he was legally held in Michigan and legally transported to California. His only complaint was the use of handcuffs during the times he was not on the airplane. He conceded there was no unnecessary force nor any injury or discomfort from the use of the handcuffs.

Affidavits were filed in behalf of appellee, stating it was the policy of the Michigan hospital, in transporting patients by plane to another state, to handcuff the patient to the employee transporting the patient, except when on the plane; that the policy was carried out in all cases unless the accompanying personnel was instructed to the contrary by medical direction. Appellee's affidavit stated he was instructed to transfer the appellant and to keep him in custody; that he had been advised of the policy of the hospital and had received no contrary instructions.

Appellant, in an unverified response to appellee's motion to dismiss, contends that appellee knew, or should have known, that while at the Michigan hospital appellant had been permitted to go outside on the hospital grounds unsupervised. There is a great difference between allowing a mental patient to wander around the grounds of the hospital where he is confined, and allowing him similar freedom at airports when he is being transported under the authority of law from a mental hospital in Michigan to a mental hospital in California. We believe, assuming the fact of lack of supervision of appellant on the hospital grounds in Michigan, that this fact is immaterial and therefore hold there is no conflict as to any material fact.

Rule 12, F.R.Civ.P., provides that if on a motion to dismiss for failure to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *."

We are convinced that the pleadings and affidavits show that there is no genuine issue as to any material fact, and that the appellee was entitled to a judgment as a matter of law. The conduct of the appellee was authorized and required by the state, and his actions were reasonable under the circumstances. No unnecessary force was used and no physical injury suffered by the petitioner.

The judgment is affirmed.